**In re PERC, INC., t/a Schuchart Oil Co., formerly B.C. Schuchart, Inc., and Schuchart Petroleum Company, Debtor.**

**Bankruptcy No. 1–82–00367.**

United States Bankruptcy Court, M.D. Pennsylvania.

April 10, 1984.

Lawrence G. Frank, Harrisburg, Pa., for debtor.

## MEMORANDUM DETERMINATION OF LIEN VALIDITY

ROBERT J. WOODSIDE, Bankruptcy Judge.

This case involves the validity of a mechanics lien filed by C.H. Reed, Inc. The facts necessary for a determination are undisputed. C.H. Reed, Inc. provided work and materials for the installation of automobile lifts, underground tank and lubrication equipment on premises owned by the debtor. This work was performed from February 16, 1982 until its completion on March 26, 1982. The debtor filed its Chapter 11 petition on April 26, 1982 and one of its creditors was C.H. Reed, Inc. C.H. Reed, Inc. filed its statement of mechanics lien in the Adams County Courthouse on July 16, 1982.

On September 28, 1983, Perc, Inc. filed a motion to sell all of its assets free and clear of liens and encumbrances. On October 18, 1983, C.H. Reed, Inc. filed a response to that motion contending that its mechanics lien in the amount of $22,219.17 had priority over some of the liens to be paid by the proceeds of the sale. It was agreed that the sale could take place and $25,000 was placed in escrow pending the determination of the validity of the mechanics lien.

On January 9, 1984, C.H. Reed, Inc. filed a petition to amend its mechanics lien. Perc, Inc. owned four tracts of land. In the statement of mechanics lien there is a metes and bounds description of the property which is to be subject to the lien. The property described is one of four lots on Elm Avenue in the Village of Midway, Conewago Township, Adams County located *west* of Jackson Street on the corner of Elm and Jackson Street. It is the debtor's office building. The garage or service center where C.H. Reed did its work is located on the *east* side of Jackson Street and comprises the other three lots owned by the debtor. No work or materials were supplied to the office building by C.H. Reed.

Section 504 of the Mechanics Lien Law of 1963 provides for amendments to mechanics liens. It states:

A claim may be amended from time to time without prejudice to intervening rights by agreement of the parties or by leave of court, except that no amendment shall be permitted after the time for filing a claim has expired which undertakes to:

(1) *substitute a different property than that described in the claim;* or

(2) substitute a different party with whom the claimant contracted; or

(3) increase the aggregate amount of the claim.

1963, Aug. 24, P.L. 1175, No. 497, art. V § 504. 49 P.S. 1504 (emphasis supplied). It is apparent to this court that this provision is designed to allow technical amendments but not those of a substantive nature. The amendment in this case is of a substantive nature. It is to substitute a different property than that described in the claim. This is prohibited by the express language of section 504.

The case of *Kelly-Ashby Electric Co., Inc. v. Claypool,* 19 Pa.D. & C.2d 51 (1959), aff'd per curiam, 191 Pa.Super. 406, 156 A.2d 587 (1959) is on point. The description in that case described land located on one corner while the work had been performed by the claimant on land owed by the same party on the other corner. The court refused to allow an amendment citing language in the old act substantially similar to that found in section 504. C.H. Reed attempts to distinguish the fact situation in this case. It argues that the four tracts of land were conveyed to the debtor by one deed, the debtor listed the four tracts as a single property with one value and the debtor conveyed the land as a single unit. We do not think these factors can overcome the specific language of the statute which precludes an amendment which would substitute a different property. The original claim described land on which was located an office building. C.H. Reed did no work on this building. There never was a valid mechanics lien on it. What is being

attempted here is not an amendment to a valid lien but the creation of a lien long after the time for its perfection had passed. An appropriate order will be entered.